UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT CAPELLI and                    No. 2:09-cv-03469-MCE-GGH
CARLA CAPELLI,

        Plaintiffs,

   v.                                   <u>MEMORANDUM AND ORDER</u>

BRINKS INCORPORATED,

        Defendant.

----oo0oo----

Plaintiffs Robert Capelli and Carla Capelli ("Plaintiffs") seek redress for injuries sustained in a car collision with Defendant Brink's Incorporated ("Defendant").  Presently before the Court is a Motion by Defendant for an Order transferring this action to the United States District Court for the Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C § 1404(a).  For the reasons set forth below, Defendant's Motion is DENIED.

///
///

1

## BACKGROUND[1]

On January 12, 2008, Plaintiffs were driving east on State Road 60 in Vero Beach, Florida when they were struck from behind by an armored truck owned by Defendant and operated by Defendant's employee Neige Pierre-Louis.  Plaintiffs were driving a 2007 Jeep rented from National/Alamo-Rent-A-Car in West Palm Beach, Florida.  (Ex. A Decl. Of Mary Reilley)  The Florida Highway patrol officer who investigated the collision cited Defendant's employee's failure to use due care as cause of the accident.  (Pl.s' Ex. 4 pg. 2)

Plaintiffs sustained several injuries resulting in multiple surgeries and medical treatment.  Plaintiffs subsequently filed suit against Defendant in the Eastern District of California alleging claims of negligence, negligence per se, negligent hiring and retention, and loss of consortium.  Plaintiffs have alleged that venue is proper in this Court as Plaintiffs are citizens of California, have received treatment for their injuries in California and Defendant does business throughout the State of California.

Defendant now moves for a transfer of venue.

///
///
///
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.

2

**STANDARD**

Section 1404(a) of Title 28 of the U.S. Code states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The purpose of 28 U.S.C. 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Courts have broad discretion in deciding whether to transfer venue. U.S. v. Sherwood, 98 F.3d 402, 410 (9th Cir. 1996). In determining whether transfer is appropriate in a particular case, the court may weigh multiple factors including:

> "(1) the location [of the activity that gave rise to the cause of action], (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-499 (9th Cir. 2000)

The party seeking transfer bears the burden of justifying by particular circumstances that a transfer of forum is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir 1979). Transfer is inappropriate where it merely shifts the inconvenience from one party to another. Decker Coal Co. v. Commonwealth Edison Company, 805 F.2d 834, 843 (9th Cir. 1986).

**ANALYSIS**

In alleging venue, Plaintiffs' Complaint states, *inter alia*, that venue is proper in the Eastern District of California, Sacramento Division as "liability is not at issue in this case and all of the treatment for [Plaintiffs] has been in Sacramento, California." Defendant contests Plaintiffs' characterization that liability is not at issue, and instead asserts that it is *because* liability is at issue transferring venue to Florida is necessary. Defendant argues that because the accident occurred in Florida, that Defendant and Defendant's employee are citizens of Florida, and that all witnesses on the issue of liability reside in Florida, a transfer to the United States District Court for the Southern District of Florida would provide for the convenience of parties and witnesses and serve the interests of justice.

Whether this case will ultimately be resolved on the issue of liability or on the issue of damages is not co9ntrolling at this juncture. Rather, the Court need only decide whether Defendant has met his burden of justifying, under these particular circumstances, that transfer would be appropriate. The Court finds that Defendant has not.

///
///
///
///
///
///

1      Although Defendant insists that "all of the percipient
2 witnesses to the accident and the subsequent investigation" are
3 located in Florida, Plaintiffs equally contend that all parties
4 who might attest to their injuries reside in Northern California
5 and Plaintiffs provide a list of approximately thirty-three such
6 witnesses that they intend to bring forth.  Even if Defendant
7 wishes to contest the issue of liability, Plaintiffs have
8 nonetheless expressed their desire to present evidence on the
9 issue of damages, and to that end a transfer of venue would
10 burden their ability to do so.
11      Great weight is generally accorded to Plaintiffs' choice of
12 forum.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)
13 Ultimately, Defendant's motion merely effectuates a shift of
14 inconvenience from one party to another.  Such are impermissible
15 grounds on which this Court may grant a transfer of venue.
16 Defendant has failed to show that a transfer of venue to the
17 United States District Court for the Southern District of Florida
18 would serve the "convenience of the parties" and the "interests
19 of justice".
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the foregoing, Defendant's Motion for Transfer of Venue (Docket No. 9) is DENIED.[2]

IT IS SO ORDERED.

Dated: March 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

6