1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT CAPELLI and
    CARLA CAPELLI,                    No. 2:09-cv-03469-MCE-GGH
12
            Plaintiffs,
13
        v.                           **ORDER**
14
    BRINKS INCORPORATED,
15
            Defendant.
16

17                      ----oo0oo----

18

19      Through the present Motion, Defendant Brink's Incorporated

20  ("Defendant") requests that the Court join a third party,

21  MedFinManager, LLC ("MedFin") as an additional party plaintiff in

22  this matter on grounds that MedFin qualifies as a real party in

23  interest to these proceedings under Federal Rule of Civil

24  Procedure 17(a).[1]  Alternatively, Defendant requests that MedFin

25  be joined as a necessary party under Rule 19(a).

26  ///

27  ――――――――――――――――――

28      [1] All further references to "Rule" or "Rules" are to the
    Federal Rules of Civil Procedure unless otherwise noted.

                              1

1    According to Defendant's Motion, MedFin is a financial
2  services company that has purchased medical liens arising from
3  treatment administered to the Plaintiffs in this personal injury
4  action, which arises from a motor vehicle accident that occurred
5  on January 12, 2008.  Defendant alleges that MedFin has paid the
6  medical providers some 40 percent of treatment costs in exchange
7  for a lien representing the entire billed amount of those costs,
8  which currently totals approximately $414,494.24.  Defendants
9  argue that because MedFin has a policy of not compromising its
10 liens purchased in this manner, MedFin should be joined as a
11 Plaintiff given the considerable impact its liens may have upon
12 resolution of this case.

13    Rule 17 requires that "every action shall be prosecuted in
14 the name of the real party in interest."  Fed. R. Civ. P. 17(a).
15 Since the jurisdiction of this Court is founded upon diversity of
16 citizenship, in determining such status we must look to whether
17 the non-party, here MedFin, has the right, under state law, to
18 bring the action maintained by Plaintiffs.  See, e.g., White Hall
19 Bldg. Corp. v. Profexray Div. of Litton Indus., Inc., 387 F.
20 Supp. 2d 1202, 1204 (D.C. Pa. 1974).  According to California
21 law, the party possessing the right being sued upon is generally
22 the real party in interest.  Igelesia Evangelica Latina, Inc. v.
23 Southern Pacific Dist. of Assemblies of God, 173 Cal. App. 4th
24 420, 445 (2009).  As the California Supreme Court has made clear,
25 "a personal injury tort action is undertaken for the benefit of
26 the injured plaintiff."  City and County of San Francisco v.
27 Sweet, 12 Cal. 4th 105, 117 (1995).  Significantly for purposes
28 of this case, the Sweet court goes on to explain as follows:

1   "The plaintiffs do not have an interest in the recovery
2   in common with the plaintiff.  That the creditors may
    benefit from any recovery is an incidental, not an
3   intended, benefit of the litigation."

4   Id.  It follows that MedFin, given its status as a creditor in

5   possession of a lien against Plaintiffs' recovery for medical

6   expenses, cannot qualify as a real party in interest under

7   California law.  Therefore Defendant's attempt to join MedFin as

8   a party plaintiff under Rule 17 is misplaced.

9       Defendant fares no better in its alternative request that

10  MedFin be included in this litigation as a necessary party under

11  Rule 19(a).  In determining whether a party may properly be

12  deemed necessary, the courts have identified no precise formula.

13  Rule 19(a) has nonetheless been found to contemplate a two-part

14  analysis.  First, the court must consider whether complete relief

15  is possible among those parties already included with the action.

16  Second, the court must assess whether the absent party has a

17  legally protected interest in the outcome of the action such that

18  in its absence the defendant could be at risk of multiple or

19  inconsistent legal obligations.  See Confederated Tribes of

20  Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th

21  Cir. 1991).

22      There is no reason why complete relief cannot be had in this

23  matter between Plaintiffs, as the injured parties, and Defendant

24  as the alleged tortfeasor.  While Defendant may well be correct

25  that MedFin's lien may make it more difficult to settle the case,

26  that does not mean that the lien will prevent Plaintiffs from

27  ultimately collecting any damages ultimately found to be owed by

28  Defendant.

1  Nor is MedFin's interest in this matter such that Defendant is
2  exposed to the risk of multiple or inconsistent liability.
3  Plaintiffs' obligation to pay MedFin's lien has nothing to do
4  with whether, or to what extent, Defendants are ultimately found
5  liable for Plaintiffs' injuries.  Indeed, as Plaintiffs
6  themselves note in their Opposition, they are indebted on the
7  Medfin liens "regardless of the outcome of the lawsuit", since
8  the liens are payable in full "even if Plaintiffs are wholly
9  unsuccessful."  Pls.' Opp'n, 8:18-21.

10      In sum, then, whether analyzed in the context of a real
11  party in interest under Rule 17 or under the standards applicable
12  to determination of a necessary party under Rule 19, Defendant's
13  attempt to join MedFin as an additional party to this case must
14  fail.  Defendant's Motion to Join MedFin as a Party Plaintiff
15  (Docket No. 21) is accordingly DENIED.[2]

16      While the Court recognizes Defendant's concern that MedFin
17  be obligated to meaningfully participate in any negotiations to
18  resolve the case, it is neither necessary or appropriate that
19  MedFin be joined as a party to accomplish that objective.  Should
20  a settlement conference be scheduled, for example, the Court can
21  require MedFin's attendance and participation.

22      IT IS SO ORDERED.

23

24

25

26

_____

27      [2] Because oral argument was not of material assistance, the
Court ordered this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 230(g).

4

Dated: April 28, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE